# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 15, 2013

No.12-60223
USDC No. 3:11-CV-124

Lyle W. Cayce
Clerk

FRANK ADAM SEIGFRIED,

Plaintiff-Appellant

v.

SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Mississippi

Before OWEN, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:*

Frank Adam Seigfried, Mississippi prisoner # L2329, seeks leave to proceed in forma pauperis (IFP) on appeal in his action for judicial review of a decision of the Social Security Administration denying his request for review of an administrative law judge's ruling that he was not entitled to disability insurance benefit payments under the Social Security Act.  Citing 20 C.F.R. § 404.468, the district court revoked Seigfried's IFP status and ordered that Seigfried pay filing costs or have the suit dismissed as frivolous, reasoning that

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

as an incarcerated felon he is ineligible to receive Social Security benefit payments.  Seigfried appealed timely from that order.

The district court's order denying Seigfried leave to proceed IFP in the district court is a final appealable order.  *See Roberts v. United States District Court*, 339 U.S. 844, 845 (1950); *Baugh v. Taylor*, 117 F.3d 197, 201 (5th Cir. 1997).  By moving for leave to proceed IFP in this court, Seigfried challenges the district court's certification that his appeal from the order denying leave to proceed IFP in the district court is not taken in good faith because it is frivolous.  *See Baugh*, 117 F.3d at 202; 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a).

Seigfried's contention that § 404.468 does not bar a challenge to the denial of Social Security benefit payments for a period of disability preceding incarceration is not "based on an indisputably meritless legal theory;" therefore, his position is not frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Seigfried has demonstrated that he is financially eligible to proceed IFP on appeal.  *See Howard*, 707 F2d at 220.  His motion for leave to proceed IFP on appeal is therefore meritorious.  *See Baugh*, 117 F.3d at 202.  Accordingly, Seigfried's motion to proceed IFP on appeal is granted, the district court's order denying Seigfried leave to proceed IFP in the district court is vacated, and the case is remanded for further proceedings.

IFP MOTION GRANTED; VACATED AND REMANDED.